MOLANDIN *v.* COLORADO CENTRAL RAILROAD COMPANY.

Causes can only be heard in this court when properly removed from the lower courts by appeal or writ of error. Parties cannot, by stipulation, in the absence of a writ of error and a certified transcript of the record, confer jurisdiction upon this court. The law *alone* can confer jurisdiction over the subject-matter of a cause.

*Error to District Court of Arapahoe County.*

THE material portions of the stipulation upon which this cause was brought to this court are as follows:

"It is hereby stipulated and agreed by and between Miller & Markham, attorneys for the plaintiff, and Henry M. Teller, attorney for the defendant in the above case, that the following facts were proved or admitted on the trial of this case by the jury, before the Honorable Andrew W. Brazee, judge of the first judicial district, at the September term, A. D. 1875, of said court, and that the following proceedings were had." After stating the facts agreed upon, the stipulation concludes: "Thereupon the plaintiff rested his case; and the defendant moved the court for a nonsuit, and the same was granted. To which the plaintiff then and there objected, and excepted to the court granting the same, and the objection and exception is made a part of the record; and it is hereby agreed that *this stipulation shall be taken and considered as a bill of exceptions and record* in this case, and that the same go up to the supreme court of Colorado Territory, and be decided and otherwise acted on by said court, *the same in all respects as if taken up on writ of error.*

"MILLER & MARKHAM,
"*Attorneys for Plaintiff.*

"This stipulation not to be used in any subsequent trial, if there should be one.

"H. M. TELLER,
"*Attorney for Defendant.*"

Rule 28, referred to in the opinion, is as follows : "No judgment will be pronounced in any agreed case unless an affidavit of some credible person shall be filed, setting forth that the matters presented by the record were litigated in good faith, about a matter in actual controversy between the parties, and that the opinion of this court is not sought with any other design than to adjudicate and settle the law relative to the matter in controversy between the parties to the record."

Messrs. MILLER & MARKHAM, for plaintiff in error.

Mr. H. M. TELLER, for defendant in error.

THATCHER, C. J. This is essentially an appellate tribunal. Causes can only be heard in this court when properly removed from the lower courts by appeal or writ of error. Unless the statute prescribing the mode of bringing cases into this court from the lower courts be complied with, we are without authority to assume jurisdiction. Until the court has acquired jurisdiction of a cause under the law the agreement of parties to the action relative to its status and disposition in this court, can have no force or effect whatever. The case before us is somewhat anomalous; neither a writ of error, nor a *scire facias* to hear errors, has ever been issued. A transcript of the record has never been filed in this court. By no method recognized by the law are we apprised that this case was ever pending in the court below. It is styled "an agreed case." Technically it is not what is understood by an agreed case, nor is it so treated by counsel. If it were an agreed case no judgment could be pronounced before the filing of the affidavit required by the twenty-eighth rule of this court. When the court once acquires jurisdiction of the subject-matter, the defendant by a voluntary appearance may dispense with the service of the *scire facias* as he may waive any other personal privilege. So far, however, as relates to the writ of error, it may well be questioned whether without its issuance, this court has jurisdiction of the subject-matter.

The supreme court of the United States has uniformly held that the issuance of a writ of error is essential to the exercise of its appellate jurisdiction. ·*Washington County* v. *Durant*, 7 Wall. 694; *Hodges et al.* v. *Williams*, 22 How. 87. In the case last cited the court held that the writ of error is not a mere matter of form, but matter of substance prescribed by law and essential to the jurisdiction of the court (and referring to the case of *Hines* v. *Papin* with approval), that an erroneous writ could not be amended even by consent of parties upon the ground that consent of parties could not confer jurisdiction over the cause, where it was not given by law and legal process. This doctrine, so far as it relates to amending erroneous writs, would not, of course, apply here, where the right to amend the writ so as to make it conformable to the original record, is conferred by statute. In Wisconsin it is held that the issuance of the writ of error is necessary to the jurisdiction of the appellate court. In the case of *Rolke* v. *The State*, 12 Wis. 573, the court says: "Suppose an inferior court should send up a record of a cause to the supreme court, without any writ whatever, no one would insist, because the papers were filed with the clerk of the supreme court, that *ipso facto*, the supreme court had jurisdiction. The court of review must issue its writ running to the inferior court, and by means of its process, bring the cause before it in a proper manner."

We are not unaware that the rigor of this principle has been somewhat relaxed by the supreme court of Illinois. In the case of *Birkby* v. *Birkby*, 15 Ill. 122, the court says, "where the record is brought up by the party and filed, properly certified in the first instance, the writ of error is unnecessary, or at most is but matter of form." But sound principle, the general analogies of the law, and the weight of authority clearly indicate that when a cause is sought to be removed by writ of error from the court below to this court, that the writ of error must in fact issue; that jurisdiction of the subject-matter can only be acquired in the manner provided by law.

Another objection, and one which is certainly fatal, even if doubt were entertained as to the last, consists in the failure of the plaintiff in error, to cause to be filed in this court, the record in the cause properly certified. How are we to know that such a cause was ever pending in the district court of Arapahoe county? By what means are we to be informed that a judgment of nonsuit was entered in the court below? A duly certified transcript of the record is clearly competent evidence of these facts, and the only evidence which this court under the law can recognize.

By stipulation, the parties to this cause, in the absence of a writ of error, and in the absence of a certified transcript of the record, attempt to confer jurisdiction upon this court. Our statutes will be searched in vain to find any provision which confers jurisdiction by stipulation. Consent of parties cannot give jurisdiction of a cause. The law alone can confer jurisdiction over the subject-matter.

But when this court has once acquired jurisdiction of a cause, " parties may doubtless stipulate to waive errors, or to waive certain proceedings required by statute, but consent cannot confer jurisdiction, where a statute has provided that it can only be acquired in a certain manner. *Keene* v. *Whittaker*, 13 Curt. 248; *Rathbun* v. *Moody*, 14 Minn. 364; *Burckle* v. *Eckhart*, 3 Comst. 137; *Jewett* v. *Hodgdon*, 2 Greenl. (Me.) 335. This cause must be

*Stricken from the docket.*