## MᴄKᴇɴᴢɪᴇ ᴠ. Bᴀʟʟᴀʀᴅ.

1. Bɪʟʟ ᴏꜰ Exᴄᴇᴘᴛɪᴏɴꜱ — Sᴛɪᴘᴜʟᴀᴛɪᴏɴꜱ ᴏꜰ Cᴏᴜɴꜱᴇʟ Nᴏᴛ EQᴜɪᴠᴀʟᴇɴᴛ Tʜᴇʀᴇᴛᴏ.— The supreme court cannot review the evidence unless the same is incorporated into the record. The stipulation of counsel that the testimony as taken by the court stenographer shall be the record in the case does not supply the place of a bill of exceptions duly authenticated and certified.

2. Iʀʀɪɢᴀᴛɪɴɢ Dɪᴛᴄʜᴇꜱ — Iɴᴇꜰꜰᴇᴄᴛᴜᴀʟ Oʀᴅᴇʀ ᴛᴏ Bᴜɪʟᴅ "Sʟᴜɪᴄᴇꜱ" ᴏɴ Dɪꜱꜱᴏʟᴠɪɴɢ Iɴᴊᴜɴᴄᴛɪᴏɴ Aɢᴀɪɴꜱᴛ ᴛʜᴇ Cᴏɴꜱᴛʀᴜᴄᴛɪᴏɴ ᴏꜰ ᴀ Dɪᴛᴄʜ.— A plaintiff had obtained an injunction restraining defendant from constructing an irrigating ditch through the land of the former. On final hearing the injunction was dissolved and the cause dismissed. There was nothing in the pleadings about sluices. *Held,* that an order of court requiring defendant to build sluices for irrigating water wherever necessary was ineffectual for any purpose on account of its uncertainty.

*Appeal from District Court of Pitkin County.*

Mr. D. H. Wᴀɪᴛᴇ, for appellant.

Mr. Pᴏʀᴛᴇʀ Pʟᴜᴍʙ, for appellee.

Mʀ. Jᴜꜱᴛɪᴄᴇ Eʟʟɪᴏᴛᴛ delivered the opinion of the court.

The appellant McKenzie was plaintiff below. He brought suit in the district court against the appellee,

Ballard, as defendant, alleging in his complaint that defendant unlawfully, without the consent, and contrary to the command, of plaintiff, was engaged in digging and cutting a ditch through plaintiff's land without condemnation proceedings, and without having obtained the right of way therefor. The prayer of the complaint was that defendant might be enjoined from the construction of the ditch. A temporary injunction was granted.

The defendant answered, admitting the plaintiff's possession of the land described in the complaint, except as to portions covered by defendant's ditch; denied certain allegations of the complaint; and, for a further defense, averred that defendant was the owner of lands adjoining said lands of plaintiff; that defendant's lands required irrigation, and that said ditch was being constructed for such irrigation purposes; that for a valuable consideration plaintiff had agreed that defendant might construct such ditch for such purposes across the lands of plaintiff where it might be convenient to carry water to defendant's lands; and that, in pursuance of such agreement, defendant was constructing the ditch as aforesaid, and had expended a large sum of money in and about said work, without objection from plaintiff, prior to the commencement of this action and the obtaining of the injunction. Defendant prayed for the dismissal of the cause, for his costs, and for such other and further relief as to the court should seem proper.

The case was tried before the court without a jury. After hearing evidence on both sides, the court, upon the issues joined, found in favor of defendant, dissolved the temporary injunction, and rendered judgment in favor of defendant for costs. The record of the judgment concludes as follows: "And it is further ordered that the defendant herein be required to build sluices for irrigating water wherever necessary."

The plaintiff brings this appeal, and assigns for error that the finding of the court was against the law and

the evidence, and especially that the order of the court in reference to building sluices is erroneous.

The court cannot review the evidence, for the reason that the same is not incorporated into the record. The stipulation of counsel that "the complaint, affidavits, demurrer, motions and answer, together with the testimony as taken by the court stenographer, shall be the record in the case," does not supply the place of a bill of exceptions duly authenticated and certified. This has been repeatedly decided by this court. *Molandin v. Railroad Co.* 3 Colo. 173; *City of Denver v. Capelli,* id. 235; *Ross v. Duggan,* 5 Colo. 85.

Appellant complains, with much reason, of the order of the court requiring defendant "to build sluices for irrigating water wherever necessary." There is nothing in the complaint relating to sluices. The answer contains nothing in reference to them, and asks for no affirmative relief, except it be by the prayer for general relief. The following passage from appellant's brief in regard to the order about necessary sluices is certainly quite pertinent:

"How many are there to be? Where are they to be? When are they to be constructed? Who is to be the judge of the necessity, number, location, size and time of construction, whether plaintiff or defendant, remains undetermined; and, in these respects, a court of equity, assuming to settle a controversy between the parties, leaves plaintiff entirely at defendant's mercy."

In form, the order of the court in relation to sluices would seem to be a burden imposed upon the defendant, Ballard; in effect, it is liable to be construed as a license to defendant to build sluices whenever and wherever he chooses. Considering the circumstances of the case as they appear from the record before us, we feel constrained to declare the order of the court in relation to sluices to be ineffectual for any purpose on account of its uncertainty, and that it shall not prejudice or affect the

rights of the parties in any manner as an adjudication. In other respects the judgment of the district court will be affirmed; but appellant shall recover his costs in this court against appellee.

*Decree modified.*