KELLEY, ADM'X, v. UNION PACIFIC RAILWAY CO.

1. SURVIVAL OF ACTIONS.— The general rule in this state is that actions at law do not die with the person; the exceptions are specified by statute.

2. DAMAGES RECOVERABLE BY ADMINISTRATOR.— Where it was alleged in the complaint that a person riding upon the train of a railroad company, under a contract with the company for safe-carriage, was, without his fault, injured by the negligence of the company, and died without obtaining satisfaction for such injury, *held*, upon demurrer, that his administrator might maintain an action for breach of the contract, and thus recover the pecuniary damages resulting to the deceased prior to his death.

3. MATTERS NOT OF RECORD NOT REVIEWABLE.— As an appellate court, this court cannot properly take cognizance, through stipulation of counsel, of matters not in the record; nor can it properly express its opinion upon controverted legal questions in advance of their adjudication or presentation in the *nisi prius* courts.

*Error to District Court of Arapahoe County.*

THE amended complaint, *inter alia*, states in substance:

That one Edward S. Kelley died intestate February 21, 1889, and that plaintiff is his duly appointed and qualified administratrix.

That the defendant is a railway corporation duly organized, etc., and at the time of the happening of the grievances complained of was managing and operating a certain railroad between the city of Denver and the city of Leadville, Colorado, as a common carrier of passengers and freight for hire.

That the defendant had entered into a contract with the Pacific Express Company, for a valuable consideration to it

paid by said express company, to transport its express pack-ages and express messengers over the line of defendant's said railroad between the points aforesaid, and undertook, promised and agreed, in consideration of the premises, to safely carry said express packages and express messengers.

That on November 11, 1885, said Kelley was a route mes-senger in the employ of said express company, and while in the line and discharge of his duty as such was being carried over said railroad in one of the defendant's trains pursuant to the agreement aforesaid; that defendant, not being mind-ful of its contract to safely carry said Kelley, did so carelessly and negligently manage its train in which said Kelley was riding, upon a steep grade on the line of said road at or near the town of Breckenridge, Colorado, that without notice or warning to said Kelley, and in some manner un-known to plaintiff, said train started down said steep grade and soon acquired a rapid velocity and so continued to run for a distance of four or five miles, when the same was thrown from the track and said Kelley was, without any fault or negligence on his part, so greatly injured by the shock therefrom as to produce insanity, by reason of which he was adjudged insane, etc., and was thereafter confined in the state lunatic asylum at Pueblo, Colorado, at which place he died as aforesaid, but not from the injuries caused by the negligence for which this suit is brought.

That by reason of said injuries said Kelley became, and during all his life-time thereafter remained, sick, sore, lame and disordered in mind and body, so as wholly to unfit him for following his usual occupation or from engaging in any business or earning any wages whatever. In consequence of which a loss and damage has occurred to the personal estate of the said deceased in the sum, etc. Prayer for judgment.

The defendant's demurrer to the amended complaint was sustained, and thereupon judgment was rendered in favor of defendant. The plaintiff brings the case to this court by writ of error.

Mr. C. M. CAMPBELL and Mr. D. V. BURNS, for plaintiff in error.

Messrs. TELLER & ORAHOOD, for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The several assignments of error present for determination but a single question: Did the cause of action stated in the amended complaint die with the person of Edward S. Kelley, or did it survive to his personal representative?

The maxim, "*Actio personalis moritur cum persona*," is as old as the common law itself. Nevertheless, for more than five hundred years, or since the reign of Edward the III., the rule has been the subject of legislative modification both in England and America. It would serve no useful purpose to attempt to trace the various changes of the ancient rule. The general rule which has prevailed for many years in this state is that actions at law do not die· with the person; it is expressed in the following statute:

"All actions at law whatsoever, save and except actions on the case for slander or libel, or trespass for injuries done to the person, and actions brought for the recovery of real estate, shall survive to and against executors and administrators." R. S. 1868, p. 682; Gen. Laws 1877, p. 978; Gen. Stats. 1883, sec. 3635; Mills' Annotated Statutes, sec. 4810.

At common law the question whether a right of action survived to the executor or administrator in a given case depended in most instances upon the form in which the action might or must be brought to obtain relief. The general rule was that if an action *ex contractu* might be sustained, the right of action survived; but if an action *ex delicto* must be resorted to, the right of action did not survive. 1 Chitty's Pleading (16th Am. ed.), p. 77 *et seq.;* Angell on Carriers, sec. 435.

Though the forms of civil action have been abolished in this state, it is often convenient and sometimes necessary to refer to them in construing statutes enacted before the

adoption of the code.   See *Toothaker v. City of Boulder*, 13 Colo. 224.   Upon this ground counsel for plaintiff in error earnestly contends that, as the statute above quoted was enacted prior to the adoption of the code, the word " trespass " must be held to mean the technical action of trespass as it existed under our former practice, and that it does not include other actions *ex delicto* for injuries to the person.   It is unnecessary upon this review to decide the point thus presented.   The complaint is in form *ex contractu;* the facts therein set forth are sufficient in substance to support the plaintiff's case as an action of *assumpsit*, the very gist of the action as pleaded being the breach of the contract to carry safely.   Besides, no recovery is sought for the alleged injuries to the person of the deceased, but only for damages to his estate which may be recovered in an action of *assumpsit* as well as in an action of *trespass* or *case.*   3 Sutherland on Damages, pp. 249, 259, 268; Patterson's Railway Accident Law, sec. 210, also 349; *Pittsburg City v. Grier*, 22 Pa. St. 65; *Nevin v. Pullman Palace Car Co.*, 106 Ill. 222; *Staley v. Jameson*, 46 Ind. 159; *Lemon v. Chanslor*, 68 Mo. 353.

The act of 1872 (Session Laws, p. 117), concerning damages to be awarded where the death of a person has been caused by the wrongful act of another, etc., was referred to in argument as having some bearing upon the construction to be given to the act above quoted, which is first found in its present form in the revision of 1868.   The two acts are not *in pari materia.*   A comparison will show that they have no legal connection or relation to each other.   The act of 1868 was to prevent certain actions or causes of action *already accrued* from abating by reason of the death of either of the parties, without regard to the cause of such death.   The act of 1872 created a new cause of action, to wit, the death itself.   The act was not to prevent any cause or causes of action from abating; on the contrary, the cause of action provided for in the act did not accrue until death had already ensued.   The language of the act

was: "When the death of any person is caused by the wrongful act, misconduct, negligence or omission of another, the personal representatives of the former may maintain an action *therefor* against the latter," etc.

The present action is not to be confounded with the statutory remedy provided by the act of 1877 (Gen. Laws, p. 342). That act is a substitute for the act of 1872, *supra.* It provides for the recovery of damages resulting from the death of the party injured under certain circumstances, in case the death were caused by the wrongful act, negligence or default of another. In this case, as the complaint expressly states, the death of said Edward S. Kelley was not caused by the negligence of the defendant; neither is the action brought to recover the damages resulting from his death to the parties entitled to sue under the act of 1877. On the contrary, the action is brought to recover only the pecuniary damages resulting to the deceased himself, and which are alleged to have accrued prior to his death. 2 Thompson on Negligence, p. 1285; *Needham, Adm'x, v. Grand Trunk R. R. Co.*, 38 Vt. 294; *Barley v. Chicago & Alton R. R. Co.*, 4 Bissell, 430.

By stipulation of counsel, we are asked to consider and determine whether certain matters, if pleaded, would constitute a sufficient defense to the amended complaint. As the matters thus stipulated were not made a part of the record in the case in the court below, this court cannot properly take cognizance of them upon this review. See *Molandin v. Railroad, Co.*, 3 Colo. 173; also *McKenzie v. Ballard*, 14 Colo. 426. If we were to yield to the stipulated request of counsel in this instance, it would be likely to prove a most dangerous and troublesome precedent. Such a practice would enable parties to obtain the opinion of this court upon controverted legal questions in advance of their adjudication or presentation in the *nisi prius* courts. This would not only be contrary to the spir't and letter of our judicial system, but would tend to greatly increase the burden upon the already overburdened dockets of this court.

From the record before us it appears that the amended complaint and the matters therein stated are sufficient in law. The sustaining of the demurrer to it was therefore error. The judgment is accordingly reversed and the cause remanded.

*Reversed.*