[No. 4227.]

Leppel v. The District Court of Garfield County
ET AL.

1. **Appellate Practice—Record—Bills of Exception—Stipulation.**
Parties may not by stipulation inject into a record matters

not part of the record proper and thus supply the place of a duly authenticated and certified bill of exceptions.

2. **Appellate Practice—Supreme Court—Original Writs—Constitutional Law.**

Except as otherwise provided in the constitution the supreme court is a court of appellate jurisdiction only. Section 3 article 6 of the constitution, conferring upon the supreme court power to issue certain original writs, refers to the common-law writs, and it is beyond the power of the general assembly to abridge or enlarge the same.

3. **Same—Certiorari—Jurisdiction.**

At common law the writ of certiorari was not a writ of right, but the granting or refusal thereof rested in the sound discretion of the court, and the revisory court, in its review of the case brought up on certiorari, was limited to the question alone of the jurisdiction of the inferior court or tribunal, and the supreme court of Colorado observes such limitation.

4. **Same.**

The provisions of the code relating to the writ of certiorari have no application to proceedings of that character in the supreme court. The supreme court cannot review the action of an inferior court or tribunal on writ of certiorari because such court or tribunal has abused its discretion or to review mere questions of law of less dignity than such as go to the jurisdiction.

5. **Practice in Criminal Cases—Malicious Prosecution—Prosecuting Witness—Costs—Parties—Jurisdiction.**

Where an indictment was filed with the name of a witness indorsed thereon as the prosecuting witness, and the jury returned a verdict of not guilty as to defendant, and by their verdict declared that the prosecution was maliciously begun, it was the duty of the court to enter a judgment against the prosecuting witness for costs, and such witness was so far a party to the prosecution as to give the court jurisdiction to render such judgment against her for costs.

6. **Practice—Certiorari—Record—Pleading.**

A review by certiorari is had upon the record alone and not upon the petition for the writ.

7. **Same—Bills of Exception.**

Where a judgment was entered against a prosecuting witness for the costs of a prosecution, and said witness filed a motion to set aside said judgment supported by affidavit in which it was alleged that she was not in fact the prosecuting witness

in the cause and had nothing to do with its prosecution, such motion and affidavit were not part of the record of the case unless made so by bill of exceptions, and in the absence of such bill of exceptions such motion and affidavit could not be considered on review of the case by writ of certiorari.

## Original Proceedings in Certiorari.

Mr. E. T. TAYLOR, Mr. CHAS. W. TAYLOR, Mr. C. W. DARROW and Messrs. BICKSLER, McLEAN & BENNETT, for petitioner.

Mr. J. W. DOLLISON and Mr. JOHN L. NOONAN, for respondents.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

At the trial of a criminal action in the district court of Garfield county the defendant was acquitted, and the jury by their verdict declared that the prosecution was maliciously commenced. As required by section 696 Mills' Ann. Stats., the court thereupon gave judgment against the prosecuting witness for the costs arising in the case. Thereafter and during the term, the person designated in the judgment as the prosecuting witness appeared and asked for a stay of proceedings and that judgment be set aside upon the ground that she was not, in fact, the prosecuting witness in the cause, and had nothing whatever to do with its prosecution. The court denied the motion and allowed the judgment to stand. Feeling aggrieved thereby, the alleged prosecuting witness filed in this court her petition for a writ of certiorari to review that judgment, and the writ was ordered to be issued.

It seems that a return thereto was made which is not now among the files, but counsel have stipulated that, inasmuch as the record below is properly set forth in the petition, such statements therein may

be considered as the return of the respondents and regarded as containing the full record of the cause. Respondents move to quash the writ.

1. Whether, by stipulation, an authenticated copy of the record proper may be dispensed with, we need not determine. By repeated decisions of this court, however, the rule is settled that the parties may not, by stipulation, inject into a record matters not part of the record proper, and thus supply the place of a bill of exceptions duly authenticated and certified.—*McKenzie v. Ballard,* 14 Colo. 426.

In so far, therefore, as concerns matters in this petition which are not part of the record proper, but become such only by being incorporated into a bill of exceptions, they must be disregarded, for no bill of exceptions has been preserved.

From what the parties designate as the record, it is clear that the writ was inadvertently issued, and should be quashed. The supreme court, except as otherwise provided by the constitution, is a court of appellate jurisdiction only. By section 3 of article 6 of that instrument it has power, however, to issue writs of *certiorari* and other writs therein enumerated. Our decisions are uniform to the effect that the writs there mentioned are the common-law writs, and that it is beyond the power of the general assembly to abridge or enlarge the same. At the common law the writ of *certiorari* was not a writ of right, but the granting or refusal thereof rested in the sound discretion of the court. Originally, also, the revisory court, in its review of the case brought up on *certiorari,* was limited to the question alone of the jurisdiction of the inferior court or tribunal. It may be true that in this country this restriction has, by statute or judicial decision, been somewhat removed, but this court has uniformly observed such

limitation.—Wood on Mandamus, etc., 174, 175; Harris on *Certiorari,* §§ 1, 3, 84.

For collection of cases see: 6 Cyc. Law and Procedure, 759, 819, 826; 4 Enc. Pl. & Pr. 90, 100, 254.

In original applications in this court for writs of prohibition this rule has been repeatedly announced. And in *People v. District Court,* 30 Colo. 488, 490, it was expressly said that the chapter of the code relating to *certiorari* has no application to proceedings of that character in the supreme court, and that we cannot stay the hands of an inferior tribunal because of an alleged abuse of discretion in a matter of which it has jurisdiction. Chapter 28 of the code, therefore, which, as it is claimed, authorizes courts of record on *certiorari* to review the proceedings of an inferior court or tribunal because it has abused its discretion, or to review mere questions of law of less dignity than such as go to the jurisdiction, has no application to original proceedings instituted in the supreme court of the state.

2. The inquiry then is: Did the district court have jurisdiction to enter judgment for costs against the prosecuting witness in the criminal action therein pending? From the return it appears that the criminal prosecution was by indictment, upon the back of which, as section 696, *supra,* requires, the grand jury caused the name of B. Leppel to be indorsed with the words "prosecuting witness" added. This section declares that the fact of such indorsement shall be evidence that the complaint was made by the person whose name is thus indorsed. It is uncontradicted that the jury returned a verdict of acquittal, and by their verdict also declared that the prosecution was maliciously begun. In that contingency, the section of the statute to which we have adverted makes it the duty of the court to render judgment against the prosecuting witness for costs. The prose-

cuting witness is so far a party to the criminal prose-cution that, for the purposes of the rendition of this judgment, he is in court, and has notice of the pro-ceeding. It is apparent, then, that the court was exercising a lawful jurisdiction when it rendered the judgment complained of, and its alleged erroneous rulings were made in exercising the same.

3. But the prosecuting witness here alleges that she was not, in fact, the prosecutor, did not authorize her name to be so indorsed by the grand jury, and knew nothing whatever of the proceedings until after the judgment against her was rendered. In short, that such judgment is void because she had no notice of the hearing when judgment was pronounced. Whether a full and adequate remedy at law exists, we are not required to say, and it is unnecessary for us to determine whether, if the facts be as she alleges, petitioner is entitled to any relief; or whether, if the petitioner were in a position to urge this objection, she could, in the present proceedings, be heard upon it. It is upon the record alone that review by *cer-tiorari* is had; not upon the averments in the peti-tion for the writ, or on facts not appearing in the record.—*People v. County Comrs.*, 27 Colo. 86. And even if matters which become part of the record by being put into a bill of exceptions can be examined, there are none such in this record. The objections to the judgment urged below and here were presented to the district court by a motion supported by affi-davit. Neither the motion nor the affidavit is a part of the record proper, and could be made such only by being incorporated into a bill of exceptions. No attempt was made, so far as we are properly advised, to except to any ruling of the court below, or to take or preserve exceptions thereto. Certainly no bill of exceptions has been prepared or filed in this or the district court, or, if so, the fact has not been called

to our attention. We cannot, therefore, under our established practice, in any event, in this proceeding, and for the reasons given, consider the objections made to the judgment.

Since upon this record it appears that the court was exercising lawful jurisdiction—at least there is nothing before us to negative its existence—and the petitioner·not being in position to contradict the same, the writ heretofore issued should be quashed, and it is so ordered.

*Writ of certiorari quashed.*