The State of Iowa, on relation of the Attorney General, v. The Fidelity Loan & Trust Company, Appellant.

Acquiesence in Decree Dissolving a Corporation: DESTROYS CA-PACITY TO APPEAL FROM DISSOLUTION: *Appeal from part of decree.* Where the court has decreed the dissolution of a corporation and the appointment of a receiver, and the corporation appeals from the portion of the decree appointing the receiver, but not from that ordering dissolution, its acquiescence in the decree of dissolution terminates its existence so that it has no capacity to prosecute an appeal from the other division of the decree, and such appeal will be dismissed.

*Appeal from Woodbury District Court.*—Hon. George W. Wakefield, Judge.

Thursday, April 11, 1901.

Action on relation of the attorney general, in which it is prayed a receiver be appointed to take charge of the property of the defendant company, and distribute the proceeds thereof to its creditors, and that it "be dissolved as a corporation, its franchises forfeited, and that it be ousted therefrom." The defendant resisted the appointment of a receiver on several grounds. After hearing, decree was entered as prayed. The defendant appeals.—*Appeal dismissed.*

*William Milchrist* for appellant.

*Milton Remley,* Attorney General, *Charles A. Clark,* and *Wright, Call & Hubbard* for appellee.

LADD, J.—The defendant resisted the appointment of a receiver on various grounds, but not its dissolution as a corporation, and to that part of the court's decree ordering that "the Fidelity Loan & Trust Company be and is hereby dissolved" no exception was taken. The appeal is "from the judgment of the district court appointing U. G. Whitney receiver." Indeed, the officers authorizing an appearance for defendant indicated their wish that resistance in the action be limited to that part of the petition asking for the appointment of a receiver. That this might be made during life of the corporation is not questioned, but was its status such after the decree as that it might prosecute an appeal? Undoubtedly, a corporation may continue in existence for the purpose of appealing from and testing an order dissolving it, for its life is then the issue. Until the final adjudication, no one may say it has ceased to exist. So a person may appeal from an order adjudging him insane. In connection therewith is the right to appeal from orders such as the appointment of a receiver, which are incidental to and dependent on the dissolution. See *Kelsey v. Fermentation Co.*, 45 Hun, 10. But here there was no such appeal. The defendant, by acquiescing in the decree, conceding the termination of itself as a legal entity. The appeal from a part of the decree in no way affected the portion not appealed from. Section 4113, Code. The order of dissolution was as complete and final as it will be in a thousand years. The court was empowered by section 1640 of the Code to make it, and all have acquiesced in it as made. From the time of that entry the corporation has been dead, all its agencies ended, its employes, including attorneys, discharged; and it put, without exception or notice of appeal, beyond all future corporate activity. The effect was to "put an end to its existence for all purposes whatsoever, and to destroy every one of its faculties, so that thereafter it can neither make nor take contracts, nor sue nor be sued, and so that all debts to or from it became extinguished, and all actions by and against it abated."

5 Thompson, Corporations, section 6718. To the same effect, see *Bank v. Colby,* 21 Wall. 615 (22 L. Ed. 687); *People v. Knickerbocker Life Ins. Co.,* 106 N. Y. 623 (13 N. E. Rep. 447); *McCullough v. Norwood,* 58 N. Y. 566. In the last case it was said that thereby "all authority to appear in the case had been withdrawn from the attorneys who had formerly represented the dissolved corporation." It is only the corporations whose charters expire by limitation or the voluntary act of the stockholders which continue for the purpose of winding up their affairs. Section 1629, Code; *State v. Fogerty,* 105 Iowa, 36. This is to allow the adjustment of their affairs without resort to the courts. But this statute has no application to dissolution by virtue of the provisions of sections 1640 and 4313 of the Code; for under these there is ample provision through the appointment of receiver or trustees for the protection of both creditors and stockholders. To a corporation dissolution is as final as death to a person. It thereafter can have no interest in the property once by it controlled, or its disposition. That is the subject of administration. Without officers or agents, it is incapable of being represented by any one in court; and without legal existence it can undertake no obligation such as a supersedeas bond. Counsel urge that he ought not to be compelled to insist on error in one portion of the decree, with which he is content, in order to abtain a hearing on the other. The trouble is that the moment death of the corporation is conceded all its interest in the future ends. Without the hope of a hereafter, the disposition of property or litigation can give it no concern. As defendant had not the capacity to prosecute the appeal, the motion to dismiss is sustained.—
DISMISSED.