## OWEN M. BRUNER CO. v. O. R. MANEFEE LUMBER CO.

(Circuit Court of Appeals, Ninth Circuit. October 17, 1923. Rehearing Denied December 3, 1923.)

No. 4062.

Courts ☞328(10)—Amount claimed in good faith is test of federal jurisdiction; "amount in controversy."

The "amount in controversy" in a suit, for the purposes of federal jurisdiction, is the amount claimed in good faith, and not the amount finally determined to be in actual controversy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Amount in Controversy.]

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action at law by the Owen M. Bruner Company against the O. R. Manefee Lumber Company, now the Allen Murphy Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Platt & Platt, Montgomery & Fales, of Portland, Or., for plaintiff in error.

Nash, Graham & Marsch, Wm. S. Nash, and S. J. Graham, all of Portland, Or., for defendant in error.

Before HUNT and RUDKIN, Circuit Judges, and BOURQUIN, District Judge.

RUDKIN, Circuit Judge. This was an action at law by the buyer against the seller to recover damages in excess of $10,000 for breach of a contract for the sale of lumber. The first and second paragraphs of the complaint aver the citizenship of the parties; the third paragraph avers "that the grounds upon which the court's jurisdiction depends in this case are the diversity of citizenship existing between plaintiff and defendant herein, and the amount involved in this cause being above the sum of $3,000;" and the remaining paragraphs set forth a cause of action confessedly within the jurisdiction of the court below. By written stipulation of the parties the case was tried by the court without a jury. The court found that the parties to the action were corporations; "that the plaintiff has failed to sustain the averments of its complaint, and in particular has failed to prove that Ashenfelter, the alleged agent of the defendant, had authority to accept the alleged order set out in plaintiff's complaint:" that the alleged order was unilateral and wanting in mutuality, and that the parties to the action had stipulated as to the amount of a counterclaim set up in the answer. Upon these findings judgment was entered in favor of the defendant upon the counterclaim, and the judgment is now before us for review.

The sole contention of the plaintiff in error is that the findings of the court below show a want of jurisdiction, and that the action should have been dismissed upon that ground, and not upon the merits. No such question was presented to the court below, and there is no merit in the question as presented here. The record plainly shows that the general finding that the plaintiff had failed to sustain the averments of the complaint had reference to the merits of the case, and not to the formal jurisdictional averment. Furthermore, taking the finding at its face value, it does not show a want of jurisdiction. The test of jurisdiction is the amount claimed in good faith, not the actual amount in controversy, and there is no finding upon that issue.

The judgment of the court below is therefore affirmed.