No. 12,310.

CLAPP *v*. WILLIAMS ET AL.
(5 P. [2d] 872)

Decided November 23, 1931.

Mr. EDWIN N. BURDICK, Mr. CLARENCE O. MOORE, for plaintiff in error.

Mr. Joseph O. Carson, Mr. Wayne C. Williams, for defendants in error.

*En Banc.*

Mr. Chief Justice Adams delivered the opinion of the court.

Clapp brought action against Williams, United Brotherhood of Carpenters and Joiners of America, a labor union, and various officers and members of its executive board. We refer to them collectively as the defendants and to Clapp as plaintiff, as at the trial. The purpose of the action was to recover actual and exemplary damages by reason of Clapp's alleged unlawful expulsion from membership in Carpenters' Local Union No. 55, a subsidiary organization of the above named brotherhood. The gravaman of Clapp's complaint was that because of expulsion, he was thereafter unable to follow his occupation as a carpenter, or to obtain work and earn wages at his trade. On trial to a jury, verdict and judgment resulted in defendants' favor and plaintiff assigned error.

After the cause was submitted for our determination, counsel for defendants suggested the death of plaintiff since the cause was brought to this court. Wherefore, defendants move that the writ of error be dismissed, on the ground that the cause of action does not survive, Plaintiff's death is admitted.

Counsel for plaintiff quotes section 15, 1921 Code, which reads in part as follows: "An action shall not abate by the death or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or other disability of a party, the court, on motion, may allow the action to be continued by, or against, his representative or successor in interest. * * *" However, this section

does not define the causes that survive. It merely provides that *if* the cause survives, the action shall not abate.

The pertinent statute to be interpreted is section 5383, C. L. 1921, which reads: "All actions in law whatsoever, save and except actions on the case for slander or libel, or trespass for injuries done to the person, and actions brought for the recovery of real estate, shall survive to and against executors, administrators and conservators."

The above section, or a former statute of this state identical in terms, has been often discussed. See *Kelley v. Union Pacific Ry. Co.,* 16 Colo. 455, 27 Pac. 1058; *De Ford v. N. Y. Life Ins. Co.,* 75 Colo. 146, 224 Pac. 1049; *Lee v. City of Ft. Morgan,* 77 Colo. 135, 235 Pac. 348; *Swartz v. Rosenkrans,* 78 Colo. 167, 240 Pac. 333; *Letson v. Brown,* 11 Colo. App. 11, 52 Pac. 287; *Mumford v. Wright,* 12 Colo. App. 214, 55 Pac. 744; *Selkregg v. Thomas,* 27 Colo. App. 259, 149 Pac. 273; *Munal v. Brown,* 70 Fed. 967; *Portland G. M. Co. v. Stratton's Independence,* 196 Fed. 714. The nature of the present action is in some respects different from any of the above, and calls for an independent construction of the legislative act.

In 1 C. J., page 191, §354 (i) it is said: "Unless preserved by statute actions or causes of action for wrongful interference with one's business, * * * although resulting in damage to property or estate, do not survive the death of either party." One case cited in support of the text is *Jones v. Barmm,* 217 Ill. 381, 75 N. E. 505. It appears therefrom that in Illinois, among the actions that survive are those to recover damages for injuries to the person, except slander and libel. The case was brought to recover damages for interference with plaintiff's business, by ejecting one of his customers from his place of business; by denying entrance thereto to another customer, and various other wrongful acts. The Illinois Supreme Court held that the complaint alleged wrongs to a certain extent in the nature of slander, and

that the action did not survive. Other provisions of the law of that state are quoted in *Jones v. Barmm, supra,* but the "slander" clause is one ground on which the opinion of the Illinois court is based. The analogy is persuasive as suggesting the kindred character of such actions, but we do not need to adopt fully the reasoning of that respected court in order to sustain defendants' motion.

Section 5383, C. L. 1921, is the only statute involved in this cause. It remains only to apply the law to the present facts. This is in the nature of an action to recover damages for the loss of good will, an intangible asset peculiar to the plaintiff. It is for "trespass for injuries done to the person," an action inhibited by the above statute after plaintiff's demise.

Writ dismissed.