# BOOTHE *v.* TECHE LINES, INC.

(Division B.   Sept. 26, 1932.)

[143 So. 418.   No. 30099.]

344

Engle & Laub, of Natchez, for appellant.

346

**Hugh V. Wall,** of Brookhaven, for appellee.

**L. A. Whittington,** of Natchez, for appellee.

Argued orally by **S. B. Laub,** for appellant, and by **Hugh V. Wall,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action in the circuit court of Adams county against appellee to recover damages for a personal injury suffered by her and injury to, and loss of, certain personal property she had in the car in which she was traveling caused by a collision alleged to have been the result of the negligence of the driver of appellee's bus. There was a verdict and judgment in favor of appellee, from which judgment appellant prosecutes this appeal.

This is a companion case to Teche Lines, Inc., v. Pasavanti (Miss.), 140 So. 677. Appellant with the appellee in that case were passengers in the Buick automobile when the collision took place between it and the bus. The evidence in the present case and in that is substantially the same in all respects.

The allegation in appellant's declaration as to the movement of the car in which she was traveling is in this language: "Plaintiff herein was a passenger in a certain automobile then being driven by Mrs. Sarah Heatherly, and that said car was proceeding on a public highway with the destination of Natchez, Mississippi and was proceeding in a general northerly direction towards the city of Baton Rouge, Louisiana." This allegation of the declaration is referred to because appellee claims that appellant is bound to the proposition that the Buick car had come to a standstill when the collision took place. Appellant and four ladies, all related, being sisters or cousins, lived in Natchez and had been to New Orleans on a shopping trip and were returning to Natchez in a Buick sedan. Mrs. Heatherly, one of the party, was driving the car. The collision between appellee's passenger bus and the Buick car occurred near Reserve in the State of Louisiana. The highway on which the passenger

bus and the Buick car were traveling runs north and south, and at the point where the collision took place it is straight for a half mile or more in each direction. It is not a paved highway, but is graveled, and is about thirty feet wide. There had been recent heavy rains, and the highway was slippery. The Buick car was traveling north, the passenger bus south, the bus was thirty feet long by seven feet wide, and weighed something like sixteen thousand pounds and had double wheels. The result of the collision was that appellant suffered personal injuries and had to pay medical and hospital bills, and certain personal property owned and carried by her in the car was destroyed in part and damaged in part.

In her declaration the appellant charged, in substance, that the collision between the bus and the Buick car and the resulting injury and damage was caused by the bus being operated at an excessive and dangerous rate of speed in view of the condition of the highway, which was wet and slippery; that the driver of the bus was negligent in failing to keep a lookout for objects on the highway and for failing to have the bus under control; that, instead of keeping on his right-hand side of the highway, he got over on his left-hand side, resulting in the collision; that he was operating the bus in such a careless and negligent manner as to lose control of it; that he operated it in such a negligent manner as to cause it to skid into the car in which appellant was riding; that the bus was being operated in violation of the statutes of Louisiana.

Appellant and the four ladies with whom she was riding in the Buick car, and one Reine, testified that they saw the bus coming down the highway going south approaching them as they were going north. Reine was south of the place where the collision occurred; that, when they first observed the bus, it was about three hundred feet north of the Buick car; that the highway was graveled and wet and slippery; and that the bus was

running at a very high rate of speed and zigzagging, or swaying, back and forth from one side of the road to the other. Appellant and the other four ladies in the car testified that, when they saw the bus approaching them in that manner, and when it was about three hundred feet north of them, they immediately pulled the Buick car over to their extreme right-hand side of the road near the ditch, as near as they could get to it, and brought the car to a stop; that, when the car stopped, the bus was still about a city block away from them, but coming very rapidly "zigzagging or skidding" back and forth across the road; that the bus was first on one side of the road and then on the other, and before it reached their car—it was headed directly toward it—the driver suddenly swerved the bus to his right-hand side of the road, which caused its rear to skid over on the other side of the road and strike the Buick car; that the impact tore off the running board of the Buick car and struck its rear door and rear fender; that the rear wheels of the Buick car went into the ditch on its right-hand side of the road where it was standing and the front wheels remained on the highway; and that the wheels on the right-hand side of the bus went into the ditch on that side of the highway.

The testimony of appellant and of her four companions was corroborated by the witness Reine; however, another witness introduced by appellant testified that, when the collision took place, the Buick car had not come to a standstill, but was slowly moving north. Five witnesses for appellee, four of whom were disinterested, gave evidence which, if true, exonerated the driver of the bus from any negligence in its operation. In other words, there was a conflict between the testimony of the witnesses for the respective parties. Certain physical facts were undisputed; they are: Immediately after the collision the rear wheels of the Buick car were in the ditch on its right-hand side of the road and its front wheels up on the road, and the right-hand wheels of the bus were in or near the ditch on its right-hand side of the

road; the fender of the Buick car on its left-hand side was mashed in or torn off, the rear door on that side had been struck and damaged; the front fender of the left-hand rear wheel of the bus was damaged, showing that it had struck the Buick car, but there was no indication whatever that any part of the bus back of its left-hand rear fender and wheel had come in contact with the Buick car. In other words, the physical facts showed that, so far as concerned the bus the only part of it that came in contact with the Buick car was the front part of its left-hand rear fender.

We held in the Pasavanti Case, which as stated was in all substantial respects the same as this so far as the question of liability is concerned, that appellant in that case was not entitled to a directed verdict of no liability. The court en banc thoroughly considered the question in that case, and reached the conclusion that the issue of liability was one for the jury and not for the court. That decision is controlling here.

Under the law of Louisiana, contributory negligence is a complete defense to an action of tort. The court recognized that the substantive rights of the parties were governed by the laws of Louisiana. In the trial of the case, the court applied the rule in Louisiana.

Appellee contends that the court should have gone further and applied the rules of evidence which obtain in that state, and, if that had been done, the evidence was wholly insufficient to sustain liability on its part. Appellee cites no authority to sustain that position. The authorities are all to the contrary so far as we have been able to ascertain. The substantive rights of parties are controlled by the law of the place, while the adjective rights of the parties are controlled by the law of the forum, and the adjective rights are those pertaining to the remedy as distinguished from substantive rights, and the rules of evidence are a part of the law of the remedy and are supplied by the lex fori; for example, rules as to the burden of proof, the competency of witnesses, or the

weight of the evidence. 12 C. J., pp. 483-485, sec. 92, paragraph headed Evidence.

Appellant assigns and argues as error the following instruction given for appellee: "The court further instructs the jury for the defendant: That if you believe from the evidence in this case that the car in which plaintiff was riding had not stopped on the right hand side of the road near the right edge thereof, at the time of the collision, but on the contrary that it was proceeding near the center of the road at the time of the collision between it and the bus, then it is your sworn duty under the law to find for the defendant and in such event your verdict should be 'We, the jury, find for the defendant.'"

This instruction is erroneous. It eliminates entirely the question of negligence on the part of the driver of the bus. By this instruction the court told the jury that, if the car in which appellant was riding had not stopped on the right-hand side of the road, near the edge thereof, at the time of the collision, but was proceeding near the center of the road, the jury should return a verdict for appellee. Putting it differently, the court said to the jury that, if the car had not stopped on the right-hand side of the road near the right edge thereof, but was proceeding near the center of the road, although on its right-hand side of the center, appellee was guilty of no negligence.

Appellant's declaration did not allege that the Buick car had come to a standstill at the time of the collision. One of appellant's witnesses testified that it had not come to a stop, while all of the occupants of the car and one other witness testified that it had. All of the eyewitnesses for appellee testified that it had not stopped. Appellant's case did not depend on whether the car in which she was riding had come to a standstill at the time of the collision. It turned on whether or not, considering all the facts and circumstances in evidence, the negligence of the driver of the bus was the sole cause of the collision and injury. It is conceivable under the evidence

that the driver of the bus could have been so negligent in its operation as to cause the collision, regardless of whether the car had stopped, and regardless of the fact that it was near the center of the road, although on its right-hand side.

Appellant complains of the giving of the following instruction for appellee: "The court instructs the jury, that if you believe from all the credible evidence in this case, that when the bus approached the scene of the collision it was on the right-hand side of the highway going south, and running in a careful manner, and that the car in which plaintiff was riding, approached the scene of the collision on the left-hand side of the center of the highway, going north, and in order to avoid a head-on collision between the car and the bus, the bus further turned to the right-hand side of the road and that the car, being on the left of the center of the road turned suddenly to the right and skidded into the rear end of the bus, knocking the car into the ditch on the right-hand side of the road, looking north, then your verdict should be for the defendant."

The court, in substance, informed the jury that, if the evidence showed that the car in which appellant was traveling was on its left-hand side of the center of the highway (therefore on the wrong side), and the bus was traveling on its side of the highway, and in order to avoid a collision the bus turned suddenly to its right and the car suddenly skidded into the rear of the bus, their verdict should be for appellee. The hypothesis set out in the instruction, if true, showed negligence on the part of the driver of the Buick car in being on the wrong side of the center of the road, and no negligence on the part of the driver of the bus. We think the instruction embodied correct principles of law.

The court gave the following instruction for appellee: "The court instructs the jury, that the bus had as much right on the road as the car, and that both bus and the car were being operated in a prudent manner, and in

passing each other, on account of the condition of the road they unavoidably collided, then there can be no recovery in this case and your verdict should be, 'We, the jury, find for the defendant.' ''

The instruction, as it appears in the record, amounted to a peremptory instruction for appellee. It informed the jury that the bus had as much right on the road as the car. So far there was no error in the instruction, but it went further and told the jury that both the bus and the car were being operated in a prudent manner. By that language the question of negligence on the part of the appellee was entirely excluded from the considera tion of the jury. It may be that through clerical error of the draftsman of the instruction or of the clerk in making up the record the word ''if'' was left out in the second line of the instruction after the word ''that'' and before the word ''both.'' With the word ''if'' so inserted there would be no error in the instruction.

The court gave the following instruction for appellee: ''The court instructs the jury for the defendant, that the burden of proof is on the plaintiff to prove by a preponderance of the credible testimony, that the defendant negligently ran its bus into the car in which plaintiff was riding and after you have carefully considered all the evidence in the case, both for the plaintiff and the defendant, you are unable to say whether the car in which plaintiff was riding ran into the bus, or whether the bus ran into the car, then and in that event, the plaintiff has not met the burden of proof and your verdict should be 'We, the jury, find for the defendant.' ''

By this instruction the court told the jury that if, from all the evidence, they were unable to say whether the car in which appellant was riding ran into the bus or whether the bus ran into the car, they should return a verdict for appellee. The instruction eliminated entirely the question of negligence on the part of the driver of both of the machines. From the evidence the jury might have reached the conclusion that the car ran into the bus solely

because of the negligent conduct of the driver of the bus. In other words, the negligence of the driver of the bus might have been such that there was no way whatever for the driver of the car to escape from running into the bus. It was error to give this instruction.

Reversed and remanded.