No. 13,136.

MICHELETTI ET AL. *v.* MOIDEL.

(32 P. [2d] 266)

Decided April 9, 1934. Rehearing denied May 7, 1934.

Messrs. Pershing, Nye, Tallmadge, Bosworth & Dick, Mr. N. A. Hutchinson, for plaintiffs in error.

Mr. Philip Hornbein, Mr. Theodore Epstein, for defendant in error.

*En Banc.*

Mr. Justice Butler delivered the opinion of the court.

Clara Moidel sued Frances Micheletti, individually and as executrix of the estate of John B. Micheletti, deceased, for damages for fraud. The court denied the defendants' motion for judgment on the pleadings. The defendants stood upon their motion, whereupon the case proceeded to trial, the defendants not participating. Judgment for $4,290 was rendered for the plaintiff. That judgment is before us for review. We shall refer to the parties as plaintiff and defendants, as they appeared in the trial court, or by name.

The complaint alleges in part that in August, 1931, the defendants owned the Comet Theater; that during negotiations between them and the plaintiffs and her husband for the sale of the theater by the former to the latter, the defendants, for the purpose of cheating and defrauding the plaintiff and her husband and inducing them

to purchase the theater, falsely represented to them that the receipts of the theater amounted to about $450 per week; and that the theater enjoyed the patronage of large crowds, who attended in the regular, ordinary way; that for the purpose of inducing the plaintiff and her husband to rely upon the representations, the defendants distributed a large number of free tickets of admission and invited a large number of persons to come to the theater free of charge; that the invitations were accepted; that by such artifice it was made to appear to the plaintiff and her husband that the theater was patronized by large crowds of people and was enjoying a profitable income; and that the defendants concealed from the plaintiff and her husband the fact that the larger number of persons attending the theater during the time the negotiations were pending were admitted free. The complaint also alleges the falsity of the representations, the resulting damages, and the transfer and assignment to the plaintiff by her husband of his interest in the theater and his claim and right of action against the defendants. The defendants demurred for defect of parties plaintiff. The demurrer was overruled, and an answer was filed. The answer denies the material allegations of the complaint, and for a second defense alleges the making of a contract by the defendants and the plaintiff and her husband whereby, as defendants allege, the defendants agreed to sell only the personal property situate in the theater, not the good will of the business; and that the contract was performed by sale and delivery. A general demurrer to the second defense was overruled on October 5, 1931. On the 31st of that month the defendant filed a motion for judgment on the pleadings. The case was set for trial, and, so far as the record discloses, the motion was not called to the court's attention until the case came on for trial, at which time the court denied the motion. Counsel for the defendants thereupon moved for 10 days' time within which to elect, presumably, though the rec-

ord does not so state, to elect what course to pursue. The motion was denied, and the trial proceeded, the defendants declining to participate. As already stated, judgment went for the plaintiff.

Two questions are presented to us for consideration, to wit: (1) Is there a defect of parties plaintiff? (2) Did the court err in denying the defendants' motion for judgment on the pleadings?

■ 1. Is there a defect of parties plaintiff?

The defendants contend that the cause of action is non-assignable; that for that reason the attempted assignment by Moidel to his wife was ineffective; that the cause of action is joint; and that Mr. Moidel is an indispensable party.

The plaintiff suggests that the defendants, by answering over, waived the objection. Section 79 of the Code of Civil Procedure provides that, "A demurrer shall be deemed waived by the filing of an answer * * *,'' and we have held that, generally, objections as to parties are waived by answering over. *Conroy v. Cover,* 80 Colo. 434, 252 Pac. 883, and *Hardy v. Swigart,* 25 Colo. 136, 53 Pac. 380. But we also have held that the rule does not apply where the absent party is indispensable, and where the court, therefore, may not proceed to a judgment without his presence. *Homestead Mining Co. v. Reynolds,* 30 Colo. 330, 70 Pac. 422; *Farmers' High Line Canal & Res. Co. v. White,* 32 Colo. 114, 75 Pac. 415. However, as the trial court, proceeding on the theory that the assignment vested in the plaintiff her husband's interest in the cause of action, rendered judgment in her favor for the full amount of damages suffered by her and her husband, the ends of justice would be served by nothing less than a determination of the question whether or not the cause of action is assignable. In the view we take of the case, it will not be necessary to determine what would be the effect upon the plaintiff of a holding that the cause of action is not assignable.

██ ''The general rule is, that assignability and descendibility go hand in hand.'' *Home Insurance Co. v. Atchison, Topeka & S. F. R. R. Co.,* 19 Colo. 46, 34 Pac. 281.

██ Section 5383 of the Compiled Laws is as follows: ''All actions in law whatsoever, save and except actions on the case for slander or libel, or trespass for injuries done to the person, and actions brought for the recovery of real estate, shall survive to and against executors, administrators and conservators.''

That provision applies not only to the survival of actions pending in court, but also to the survival of causes of action. This court and our Court of Appeals, and the federal circuit court in a Colorado case, have proceeded on that theory in decisions dealing with the survivability and the assignability of causes of action. Thus in *Kelley v. Union Pacific Ry. Co.,* 16 Colo. 455, 27 Pac. 1058, *Letson v. Brown,* 11 Colo. App. 11, 52 Pac. 287, *Clapp v. Williams,* 90 Colo. 13, 5 P. (2d) 872, and *Munal v. Brown* (C. C.), 70 Fed. 967, the survivability of causes of action was held to depend upon our survival statute. In the Kelley case we said that that statute ''was to prevent certain actions or causes of action *already accrued* from abating by reason of the death of either of the parties.''

Our statute narrows greatly the common-law rule that personal actions die with the person. The modern tendency to remove obstructions to the free transfer of all property, tangible and intangible, and rights and interests, forbids an extension of the language of the exception in the statute beyond its fair import.

██ In 3 Street, Foundations of Legal Liability, p. 87, it is said: ''* * * where *property* is obtained by a deceit or fraudulent device of any sort, the cause of action is assignable, for here the injury is done in respect of the particular property which is wrongfully acquired.''

Cases involving the statute of frauds afford some assistance in determining whether an injury is done to the

person or to property. Thus we find this statement in 17 R. C. L., p. 735: "Where one practices upon another fraud and deceit, whereby the latter is induced to accept property in settlement of a debt much greater in amount than the value of the property, an injury is done to property, and not to the person, and the statute of limitations in reference to actions for injuries to property applies."

And in 37 C. J., p. 779, it is said: "An action for fraud and deceit, practiced upon another whereby he is induced to incur financial loss, is ordinarily an action for injury to 'property,' and not for an injury to the 'person.'"

██ The author of the note in 76 A.L.R. 408, says: "The trend of decisions under American statutes favors the revival of actions and the survival of causes of action ex delicto for fraud and deceit inducing the sale or purchase of property."

In *Schwartz v. Rosenkrans,* 78 Colo. 167, 240 Pac. 333, we held that a cause of action for trover and conversion survives to the personal representatives of the decedent.

In *DeFord v. New York Life Insurance Co.,* 75 Colo. 146, 224 Pac. 1049, we held that a cause of action against an insurance company for negligent delay in issuing and delivering an insurance policy vested in the administrator of the estate of the deceased.

In *Mumford v. Wright,* 12 Colo. App. 214, 55 Pac. 744, relied upon by counsel for the defendants, it was held that a statutory cause of action for treble the value of exempt property seized by an officer under execution or other process is an action for a personal tort and not assignable. There are reasons why such a cause of action should not survive or be assigned that have no application in this case. They are stated in the opinion in that case, at pages 218 and 219 of the official report, and need not be repeated here.

The injury complained of in the case at bar was an injury done in respect of property; it was not an injury done to the person, within the meaning of our survival

statute. Where money is obtained by false representations it may be recovered in an action for money had and received; and such action, which sounds in contract, would survive. *Selkregg v. Thomas,* 27 Colo. App. 259, 149 Pac. 273. Where, however, instead of such an action, an action for damages is resorted to, the action is a tort action. But in both actions there is this practical resemblance, that money to which the wrongdoer is not entitled has been obtained by him. The former action is to recover the entire amount; the latter, in practical effect, is to recover the part in excess of the amount to which the wrongdoer is justly entitled, which in the case at bar is the difference between the value of the property as it was and its value as it would have been had the representations been true. See *McCord v. Martin,* 34 Cal. App. 129, 166 Pac. 1014.

We hold that the cause of action is assignable, and that as the plaintiff acquired the interest of her husband therein, there is no defect of parties plaintiff.

■ 2. Did the court err in denying the defendants' motion for judgment on the pleadings?

The contention of the defendants is that the contract for the sale, and the sale itself, were of theater equipment and other personal property, and not of any interest in the real estate, the business, the good will, or the theater as a going concern; and therefore that the plaintiff and her husband had no cause of action for damages for false representations concerning the attendance at the theater. We do not agree with that contention. The theater business was being conducted at the time by the defendants. The theater building, the lots on which it stood, and the furniture and equipment installed in the building and used by the defendants in connection with the theater business, were all the property of the defendants. The Moidels were negotiating with the defendants for the purchase of the theater, and during the negotiations the defendants, in order to induce them to

buy, resorted to trickery and fraudulent representations concerning the attendance at the theater and the receipts of the business. The contract that the Moidels were induced by such trickery and false representations to enter into provided for the sale to the Moidels for $6,000 of all the personal property and theater equipment used in connection with the Comet Theater, and the leasing to them of the theater building, not including stores, for five years, with the privilege of renewal for an additional five years, the lease to contain a provision giving to the Moidels an option to purchase the lots and the improvements for $27,000. The sale and the lease were made in accordance with the terms of that contract. That the Moidels bought the property and took the lease for the express purpose of continuing the theater business then being conducted on the premises by the defendants, and that the defendants sold the property and gave the lease to the Moidels for that very purpose is too clear to admit of argument. And that the Moidels suffered a pecuniary damage by reason of the fraud and trickery practiced upon them by the defendants is equally beyond question. In rendering judgment for the plaintiff, the district court committed no error.

The judgment is affirmed.

MR. JUSTICE HOLLAND did not participate.