No. 13,398.

STANLEY v. PETHERBRIDGE.
(42 P. [2d] 609)

Decided March 4, 1935.

Mr. M. W. Spaulding, for plaintiff in error.

Mr. Frederick P. Cranston, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the court.

In a justice of the peace court, on February 6th, 1931, Petherbridge swore to a criminal complaint, charging Stanley with embezzlement. Warrant issued, Stanley appeared and gave appearance bond. On preliminary hearing, complaint was dismissed by the court and Stanley was discharged. Thereafter, March 28, 1932, Stanley filed this suit against Petherbridge, claiming damages for malicious prosecution. June 21st, Petherbridge committed suicide, and death certificate was filed herein. July 6th, motion to dismiss on the ground that the death of Petherbridge abates the action. This motion was granted. To the judgment of dismissal error is assigned.

Counsel for defendant in error contends, and the trial court held, that an action for malicious prosecution is an action for trespass for injuries done to the person and falls within the exception contained in the following survival of actions statute: Section 5383, Compiled Laws of 1921. "All actions in law whatsoever, save and except actions on the case for slander or libel, or trespass for injuries done to the person, and actions brought for the recovery of real estate, shall survive to and against executors, administrators and conservators."

Counsel for Stanley insists that trespass for injuries done to the person, as used in the statute, means an act

committed with violence upon the person of another, while the present case is an action in tort for injuries to feelings, reputation and character, and does not fall within the exception of the statute; that to dismiss the case under the statute, as was done here, is in contravention of article II, section 6 of the Constitution of the state of Colorado, also of the due process clause of the Colorado and federal Constitutions.

■ ■ The statute quoted has been in effect in this state for years, has been before this court many times, and its application to cases involving similar principle, often discussed. Among the recent cases are: *Clapp v. Williams*, 90 Colo. 13, 5 P. (2d) 872, and *Micheletti v. Moidel*, 94 Colo. 587, 32 P. (2d) 266.

Stanley's claim for damages—prior to judgment—was for malicious prosecution, a personal tort, and not based upon an injury to property, was not connected with a contractual relation, was not such a vested right that the legislature could not take it away, as was done by the statute involved, and in passing the act the lawmakers did not contravene either the state or federal Constitutions. It was an intangible asset belonging to no one else; it was not the subject of barter or sale, could not live beyond the life of Stanley, and therefore would not survive to his executors, administrators and conservators; hence the converse is true, that it would not survive against the like representatives of deceased.

Judgment affirmed.