**Stix, Baer & Fuller Company et al., Appellees, v. Woesthaus Motor Company, Inc., Appellant.**

Opinion filed March 6, 1936.

WHEELER, OEHMKE & DUNHAM, of East St. Louis, and A. A. ALEXANDER, of St. Louis, for appellant.

McGLYNN & McGLYNN and R. E. COSTELLO, all of East St. Louis, for appellees.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

Appellees, Stix, Baer & Fuller Company, New Amsterdam Casualty Company, and Robert Sandy, administrator of the estate of· Edward Sandy, deceased, sued for and recovered a verdict and judgment for $10,000 against the Woesthaus Motor Company, appellant.

The complaint alleges that Stix, Baer & Fuller Company, a Missouri corporation, was engaged in selling and transporting merchandise;· that Edward Sandy, now deceased, was in their employ as a wagon boy on one of their trucks; that both said appellee and said deceased were under and subject to the provisions of the Missouri Compensation Law; that the appellee, New Amsterdam Casualty Company, had underwritten the liability of Stix, Baer & Fuller Company for injuries to its employees under said Compensation Act. It further charges that deceased, while in the employ of Stix, Baer & Fuller Company, was killed by the negligence of a driver of the appellant in colliding

the car, which he was driving, with the car in which deceased was riding; also, that Stix, Baer & Fuller Company and New Amsterdam Casualty Company entered into a settlement with Robert Sandy and Mary Sandy, parents of said Edward Sandy, for compensation in the sum of $2,707.24 on account of his death as aforesaid, and that such agreement was approved by the Workmen's Compensation Commission of the State of Missouri, whereby they are subrogated to the rights of Robert Sandy, administrator of the estate of decedent, to the amount of their liability on account of said award; and that deceased left him surviving his said parents and three sisters, the parents being dependent upon him for support.

Appellant answered, generally denying all matters of agency, negligence or liability. It also filed a supplemental answer averring that the Stix, Baer & Fuller Company and its insurer, the New Amsterdam Casualty Company, were subrogated to whatever cause of action existed against appellant in the premises, and if any cause of action existed, it was in said companies, and not in the said administrator, and that they were limited in right of recovery to the amount so paid as compensation.

Appellees moved to strike the supplemental answer. The motion was sustained, and the ruling is assigned as error.

Section 3 of the Missouri Compensation Law provides: "The rights and remedies herein granted to an employee, shall exclude all other rights and remedies of such employe, his wife, her husband, parents, personal representatives, dependents, heirs or next of kin, at common law or otherwise, on account of such accidental injury or death."

Section 11 of the act provides: "Where a third person is liable to the employe or to the dependents for the injury or death, the employer shall be subrogated to the right of the employe or to the dependents

against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employe or dependents, but such employer may recover any amount which such employe or his dependents would have been entitled to recover."

Such statutory sections, being those of a foreign State, can only be recognized by the courts of Illinois upon the principle of comity, and the law of the forum determines the time, mode and extent of the remedy. *Mineral Point R. Co. v. Barron*, 83 Ill. 365; *Sherman v. Gassett*, 9 Ill. 521; *Wooden v. Western N. Y. & P. R. Co.*, 126 N. Y. 10, 26 N. E. 1050.

While the Missouri statute quoted conferred upon the employer who had made settlement for compensation the exclusive right of action, this could only apply to suits brought within that State, and has no control over such causes instituted in the courts of another commonwealth. 71 Corpus Juris, p. 1609, sec. 1652.

The only decision we have been able to find which seems to cover the point is the case of *Saloshin v. Houle*, 85 N. H. 126, 155 Atl. 47, where, in a situation very like the instant case, a death occurring in New Hampshire caused by an accident therein, to a resident of New York who at the time was subject to the compensation laws of the latter State, and whose widow made settlement in New York with the employer, and where the statute provided that such settlement should amount to an assignment of the cause of action to the insurance carrier, and where the widow later brought suit in New Hampshire against the third person causing the injury, it was held that notwithstanding such New York statute and the fact that the widow had accepted an award thereunder, she could maintain her further action in New Hampshire against the third person causing the injury. In view of this authority we do not think that the only right of action was in Stix, Baer & Fuller Company, but that the ad-

ministrator of the deceased was privileged to sue under the Injuries Act of this State, Ill. State Bar Stats. 1935, ch. 70.

Appellant argues that the right of recovery should be limited by the Workmen's Compensation Act of Illinois, Ill. State Bar Stats. 1935, ch. 48, ¶ 201 *et seq.* Appellees had no rights under such act, and even though appellant was under and subject to the same, there was no privity between it and the appellees because of such act, and their right of recovery was under and limited to the Injuries Act of this State. We think the court rightly struck the supplemental answer.

Appellant also complains that the court erred in certain rulings on evidence, the principal of which was that Statler, driver of its car, was first called as a witness for appellees, and appellant upon cross-examination had him identify his signature to a written instrument, the contents of which contained statements at variance with his testimony at the trial; that later appellant called Statler as its witness, then offered the document as tending to impeach him. The court rejected the offer, and we think did so correctly. Where a party calls a witness, who has also been called by the opposite side, he cannot impeach the credibility of the witness by proving that he has made statements out of court different from those given by him upon the witness stand. *People v. Johnson,* 314 Ill. 486.

It is earnestly contended that the weight of the evidence shows that Statler, while an employee of appellant and driving its car at the time of inflicting the fatal injury, was not then acting within the scope of his employment nor engaged in any business for the latter, and hence his actions cannot be charged to it. The complaint averred that Statler, at the time, was acting as the agent of appellant. Having so alleged, appellees had the burden of proving by the preponderance of the evidence that he was in fact, at the time,

such agent. *Nelson v. Stutz Chicago Factory Branch,* 341 Ill. 387.

The law is established in this State that if an agent or servant steps aside from the business of his employer or master for even a. short interval, to accomplish some purpose of his own not connected with the business of his principal, the relation of master and servant or principal and agent, is thereby and for the time suspended, and whatever is done by the agent or servant during such period is not chargeable to the principal or master. *Johanson v. Johnston Printing Co.,* 263 Ill. 236; *Lohr v. Barkmann Cartage Co.,* 335 Ill. 335; *Clark v. Wisconsin Central Ry. Co.,* 261 Ill. 407.

Statler was a salesman for appellant, engaged in selling used cars at their place of business; the evidence being in conflict as to whether he was authorized to take the car in question and go out, as he said, to contact some prospects. It appears that at the time in question he took an Oldsmobile sedan belonging to appellant and left his place of employment, accompanied by one Dan Thompson, a mechanic of appellant, whom he took to a barber shop some distance away. After letting Thompson out at the barber shop, Statler drove around the city, claiming that he was then looking up prospects, which, however, he did not find. He later called for Thompson, then drove to the latter's residence, conversed with Thompson and wife, and afterwards, by mutual agreement, the three started in the sedan for the saloon of one Schwab for the purpose, as they say, of drinking beer, and while on the way to Schwab's the accident occurred. It appeared that the arrangement was to return to Thompson's home from Schwab's, though Statler testified that he intended thereafter to go to the stockyards to interview a prospect for the sale of an automobile.

It would serve no useful purpose to discuss the testimony in detail. We are of opinion that there was sufficient to warrant the court in sending the case to the jury and in overruling the motions for a directed verdict.

Upon the question which arose upon the motion for a new trial, as to whether Statler at the time in question was engaged in the business of his employer, or, if he started out as such, had deviated therefrom to engage upon a pleasure expedition of his own, and thereby suspended the agency, if in fact one existed, and whether he had resumed the suspended employment at the time of the collision, it was incumbent upon appellees to establish such facts by the preponderance of the proof.

From a consideration of the evidence we are constrained to hold that appellees failed to prove same by the greater weight of the evidence, and when such is the case the trial court should have awarded a new trial. *Belden v. Innis*, 84 Ill. 78.

*Reversed and remanded.*