PEORIA ENGRAVING COMPANY, Plaintiff, Appellant, v. STREATOR COLD STORAGE DOOR COMPANY, Defendant, STREATOR PRODUCTS CORPORATION of Fairfield, Iowa, Garnishee, Appellee.

No. 43128.

APRIL 7, 1936.

Shurtleff & Niehaus, and Starr & Jordan, for appellant.

Thoma & Thoma, for appellee.

RICHARDS, J.—In July, 1931, plaintiff commenced this law action in rem against Streator Cold Storage Door Company, an Illinois corporation, as sole defendant, to recover upon a cause of action arising in Illinois. A writ of attachment against defendant's property issued as prayed by plaintiff. The writ was levied by the garnishment of Streator Products Corporation, an Iowa corporation, as a supposed debtor of defendant, or as having in possession property of defendant. Original notice of the action and notice that Streator Products Corporation had been garnished was served on defendant in Illinois. In September, 1931, garnishee filed its answer denying any debt owing by it to defendant and denying having in possession any property of defendant. In December, 1931, plaintiff filed a reply controverting the answer of garnishee.

 There were no further proceedings until May 28, 1934, at which time the garnishee filed a motion to dissolve the attachment, release the garnishee and dismiss plaintiff's petition. The district court sustained the motion, from which ruling plaintiff has taken this appeal.

Upon the hearing on this motion garnishee established that on January 2, 1933, in the circuit court of Sangamon county,

Illinois, in a chancery action brought by the state of Illinois against Streator Cold Storage Door Company, the defendant herein, a decree was entered which dissolved the Streator Cold Storage Door Company as an Illinois corporation, and adjudged and decreed that the charter and authority of said corporation "be and is hereby declared null and void and of no force and effect whatever." Garnishee says that the case at bar was abated by such dissolution of the defendant corporation before any judgment against it was rendered herein, and that by reason thereof the motion was properly sustained, and the garnishee released. To support its proposition garnishee points out that it could not in any event be adjudged liable as garnishee until and unless a judgment be recovered in this action against defendant (Code section 12169), and garnishee claims that a judgment cannot now be rendered against defendant corporation because it is no longer existent. Garnishee cites State v. Fidelity L. & T. Co., 113 Iowa 439, 85 N. W. 638. In avoidance of this contention made by garnishee, plaintiff offered in evidence certain statutes of Illinois providing that the dissolution, for any cause whatever, of any corporation, shall not take away or impair any remedy given against such corporation, for any liabilities incurred previous to the dissolution if suit therefor is brought and service of process had within two years after such dissolution. But garnishee shows the further fact that these statutes were repealed on July 1, 1933.

The date of the repeal was practically seven months subsequent to the decree of dissolution of defendant corporation and nearly a year prior to the filing of garnishee's motion that we are discussing.

It is noteworthy that by the specific terms of the statute relied on by plaintiff, *remedies,* and naught else, were saved to creditors of a dissolved corporation. The particular remedy, saved to creditors by this statute, that is relied upon by appellant, has to do solely with a procedural matter, that is, the institution of actions against dissolved corporations. This statute having saved to plaintiff nothing but this procedural remedy, we fail to discover any rights substantive in their nature acquired by plaintiff thereunder. Concerning rights conferred by remedial provisions of a foreign statute the rule is settled in this state. In Hamilton v. Schoenberger, 47 Iowa 385, it is said:

"Parties cannot by contract made in another State engraft upon our procedure here remedies which our laws do not contemplate nor authorize."

In Redfern v. Redfern, 212 Iowa 454, 458, 236 N. W. 399, 400, we said:

"The books are full of cases and the law is well settled on the question of conflict of law between two jurisdictions where it is sought to bring into the local jurisdiction the law of the state where the tort was committed. Under these circumstances, it is abundantly settled in this state and all other states that where a tort is committed in a foreign state and an action is brought in another state for such tort, the law of the state where the case is pending, in so far as remedy is distinguished from substantive rights, is controlling."

From Shaffer v. Bolander, 4 G. Greene, 201, we quote:

"*Lex loci contractus* is not, we think, applicable to the merely remedial question involved in this case. The validity of the contract made in Ohio is not questioned. The debtor could not avail himself of the forms and remedies of the Ohio laws, after departing from their jurisdiction, and placing himself under the protecting laws of another state. The doctrine is now too well settled to be disputed, that the forms of remedies, and the order of judicial proceedings are to be according to the law of the place where the action is enforced, without special regard to the domicile of the parties, or the origin of the liability."

We think it follows from these authorities that the Illinois remedial statutes, providing for actions against dissolved corporations, did not determine the procedure to be had in the case at bar, especially in view of the fact that such procedure in Illinois conflicts with the procedural rule in Iowa as stated in State v. Fidelity L. & T. Co., 113 Iowa 439, 85 N. W. 638. In that case the rule is laid down that upon the dissolution of a corporation, in the manner in which defendant corporation was dissolved, such corporation is beyond all future activity. The opinion states that the effect of such dissolution is to "put an end to its existence for all purposes whatsoever, and to destroy every one of its faculties, so that thereafter it can neither make nor take contracts, nor sue nor be sued, and so that all debts to

or from it became extinguished, and all actions by and against it abated.''

In view of these authorities, the Illinois procedure does not control, and it being the rule in Iowa that a judgment cannot be entered against a corporation dissolved in the manner defendant corporation was dissolved, we think that the district court would have been without authority in the garnishment proceedings to enter a judgment against the dissolved defendant corporation. By reason thereof the garnishment proceeding became abated and the garnishee was rightly discharged. We need not consider the further fact that the statute itself, under which plaintiff claims, had been repealed. While in argument appellant puts reliance on allegations in its reply to garnishee's answer, to the effect that Streator Products Corporation is liable to plaintiff by reason of the bulk sales law of Illinois, and because of some alleged specific agreement the Streator Products Corporation entered into that it would assume and pay all debts of defendant, these are clearly not issues involved in the garnishment proceedings before us, so far as they may have constituted direct liabilities of Streator Products Corporation, because this is not an action brought against Streator Products Corporation to recover from it, as defendant, any debt it may have owed plaintiff. The only issue involved so far as concerns Streator Products Corporation is whether as garnishee it should have been discharged. The district court, having before it that sole question, correctly held that the dissolution of defendant corporation affected an abatement of the garnishment proceedings. The order sustaining garnishee's motion is affirmed.—Affirmed.

DONEGAN, C. J., and ALBERT, HAMILTON, ANDERSON, and MITCHELL, JJ., concur.