## GRAY et al. v. BLIGHT.

### No. 2116.

Circuit Court of Appeals, Tenth Circuit.

June 10, 1940.

Rehearing Denied July 12, 1940.

Cecil M. Draper, of Denver, Colo. (W. A. Alexander, of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

H. S. Gray and Margaret Gray, individually, and H. S. Gray, as next friend for John Herbert Gray and Peggy Gray,[1] brought this action against Myrta Blight, administratrix of the estate of H. E. Blight, deceased,[2] to recover damages for personal injuries and for damages to the automobile of H. S. Gray.

In their complaint, plaintiffs alleged that the damages resulted from a collision between the automobile of H. S. Gray and an automobile owned, driven, and operated by Blight; that the collision occurred near the town of Winnemucca, Nevada; that it was caused by the negligence of Blight in the management, operation, and control of his automobile; that plaintiffs are residents and citizens of Texas; that at the time of the collision Blight was a resident and citizen of Colorado; that Blight died on or about October 6, 1938; and that Myrta Blight is the duly appointed, qualified, and acting administratrix of the estate of Blight and is a resident and citizen of Colorado.

The administratrix filed a motion to dismiss the action on the ground that the complaint fails to state a claim against her upon which relief can be granted. The trial court sustained the motion, plaintiffs elected not to plead further, and judgment was entered dismissing the action. Plaintiffs have appealed.

The substantive rights of the parties to an action are governed by the lex loci, that is, the law of the place where the right was acquired or the liability was incurred · which constitutes the claim or cause of action.[3] Under the laws of Nevada a cause of action for personal injuries, whether suit has been brought thereon or not, is not abated by reason of the death of the wrongdoer, but survives against his legal representatives. Nevada Comp.

T. R. Boone of Wichita Falls, Tex., (Earl W. Wilson, of Denver, Colo., on the brief), for appellants.

---

[1] Hereinafter referred to as the plaintiffs.

[2] Hereinafter referred to as the administratrix.

[3] Ormsby v. Chase, 290 U.S. 387, 388, 54 S.Ct. 211, 78 L.Ed. 378, 92 A.L.R. 1499; Curtis v. Campbell, 3 Cir., 76 F. 2d 84, 85; Boothe v. Teche Lines, Inc., 165 Miss. 343, 143 So. 418, 420; Wise v. Hollowell, 205 N.C. 286, 171 S.E. 82, 83; Baise v. Warren, 158 Va. 505, 164 S.E. 655; Jackson v. Anthony, 282 Mass. 540, 185 N.E. 389, 391.

Laws, 1929, 1938 Pocket Part, Vol. 1, §§ 240.01, 240.02. It follows that the cause of action survived the death of Blight. On the other hand, the law of the jurisdiction in which relief is sought controls as to all matters pertaining to remedial, as distinguished from substantive rights.[4] The principles are stated in the Restatement, Conflict of Laws, § 390, which in part reads as follows:

"Whether a claim for damages for a tort survives the death of the tort-feasor or of the injured person is determined by the law of the place of wrong. * * *

"(b) If a claim for damages for injury survives the death of the injured person or the wrongdoer, as the case may be, by the law of the place of wrong, recovery may be had upon it by or against the representative of the decedent, provided the law of the state of forum permits the representative of the decedent to sue or be sued on such a claim. Without such power created by the law of the state of suit, no recovery can be had."

The Restatement finds support in the adjudicated cases.[5]

---

[4] Bourestom v. Bourestom, 231 Wis. 666, 285 N.W. 426, 428; Stix, Baer & Fuller Co. v. Woesthaus Motor Co., 284 Ill.App. 301, 1 N.E.2d 796, 797; Redfern v. Redfern, 212 Iowa 454, 236 N.W. 399, 400; Peoria Engraving Co. v. Streator Cold Storage Door Co., 221 Iowa 690, 266 N.W. 548; Coral Gables v. Christopher, 108 Vt. 414, 189 A. 147, 149, 109 A.L.R. 474; Guardian Life Ins. Co. of America v. Rita Realty Co., 5 A. 2d 45, 48, 17 N.J.Misc. 87; Federal Surety Co. v. Minneapolis Steel & Machinery Co., 8 Cir., 17 F.2d 242, 245; Strawn Mercantile Co. v. First Nat. Bank of Strawn, Tex.Civ.App., 279 S.W. 473, 474; Chicago, Rock Island & Pacific Ry. Co. v. Sturm, 174 U.S. 710, 717, 19 S.Ct. 797, 43 L.Ed. 1144; Meyer v. Weimaster, 278 Mich. 370, 270 N.W. 715, 717; Eskovitz v. Berger, 276 Mich. 536, 268 N.W. 883, 885, 886.

[5] Herzog v. Stern, 264 N.Y. 379, 191 N.E. 23, 24, 25, certiorari denied 293 U.S. 597, 55 S.Ct. 112, 79 L.Ed. 690; Woollen v. Lorenz, 68 App.D.C. 389, 98 F.2d 261; In re Killough's Estate, 148 Misc. 73, 265 N.Y.S. 301.

In Herzog v. Stern, supra, action was brought in New York to recover for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant's testator in an automobile accident which occurred in Virginia. Both plaintiff and the testator were residents of New York at the time of the accident and when the action was brought the testator's estate was being administered in New York. In the opinion the court said [264 N.Y. 379, 191 N. E. 24]:

"The question, however, is not whether the cause of action created by the laws of the state of Virginia survives the death of the wrongdoer, but whether the law of this state permits the representative of the deceased wrongdoer to be sued on such a claim. * * *

"This state has undoubted power to determine the devolution of the property of a deceased resident and how such property shall be administered. It determines upon what claims a suit may be brought against the representatives of the decedent, and payment be enforced out of the assets of the estate. A transitory cause of action may constitute a property right. It may even be regarded as a vested right against the wrongdoer. There can, however, be no vested right to enforce a claim for damages out of the property of a deceased resident of this state unless there is a law which permits the property of such a decedent to be applied upon the claim. At common law a claim for personal injury did not survive and could not be enforced out of the property or against the personal representatives of the deceased wrongdoer. The common law has in this regard not been changed by the Legislature. * * *

"Where neither common law nor a statute permits the bringing of an action against executors or administrators of a deceased resident, the courts of this state are without jurisdiction to pass upon such a cause of action. There is here no room for speculation as to whether the cause of action against the representatives of the deceased wrongdoer created by the laws of the state of Virginia offends our public policy. The rights and obligations of executors and administrators appointed by our courts are defined by our law, and our courts are without jurisdiction to grant a judgment binding on the executors or administrators appointed here unless our law makes provision for such actions against executors and administrators. Each state may define the rights and obligations of those who come within its territorial bounds, and comity will ordinarily cause the sister states to permit the enforcement of such rights and obligations against their residents by resort to their courts, but no state has any power to provide that such rights and obligations may be enforced out of the property of a deceased wrongdoer in the possession of executors

Sec. 1, ch. 159, 1935 Colo.Stat.Ann., in part reads as follows: "The common law of England, so far as the same is applicable and of a general nature, and all acts and statutes of the British parliament, made in aid of or to supply the defects of the common law prior to the fourth year of James the First * * *, and which are of a general nature, and not local to that kingdom, shall be the rule of decision, and shall be considered as of full force until repealed by legislative authority."

Sec. 247, ch. 176, 1935 Colo.Stat.Ann., reads as follows: "All actions in law whatsoever, save and except actions on the case for slander or libel, or trespass for injuries done to the person, and actions brought for the recovery of real estate, shall survive to and against executors, administrators and conservators."

Chapter 176 was first adopted in 1868. See Stat.Colo.1868, ch. XC, § 154.[6] It was re-enacted in 1903. See § 167, ch. 181, p. 533, 1903, Colo.Sess.Laws. In the reenactment the phrase "actions at law" was changed to read "actions in law" and the words "and conservators" were added at the end of the section. In Letson v. Brown, 11 Colo.App. 11, 52 P. 287, 288, the court said: "The suit was begun against Brown, who is the administrator of the decedent. The naked question, therefore, is whether the wrongdoer being dead, this suit may be maintained against his personal representative. It could not at the common law, for it was a well-settled principle thereunder that all personal actions, whether by the representatives of a deceased person or against those of one who was dead, died with the injured party; or, as it has been sometimes expressed in other cases as to the wrongdoer, the wrong and the wrongdoer were buried in the grave together. We take it to be as well settled in the one case as in the other, and that it is equally true that, where the wrongdoer dies, his personal representative may not be sued for the negligent act, any more than could the representatives of the injured person, he being dead,

maintain an action against the living wrongdoer. This principle has been often declared, and it will add nothing to the force of this opinion, nor will it embellish the law, to restate the reasons upon which the rule rests."

The court then held that an action for wrongful death could not be maintained against the administrator of the estate of the wrongdoer. In Mumford v. Wright, 12 Colo.App. 214, 55 P. 744, 746, the court construed the phrase "trespass for injuries done to the person," saying: "Torts may be divided into two general classes,—the first, designated as 'property torts,' embracing all injuries and damages to property, real or personal; the second, known as 'personal torts,' including all injuries to the person, whether to reputation, feelings, or to the body. A tort which is not an injury to property is a personal tort. * * * It will be readily seen that the chief difficulty lies in determining the exact meaning of the words 'trespass for injuries done to the person.' In a recent case this court, in construing this section, held that these words, as there used, could not be construed to mean only trespass vi et armis, but that the exception embraced, also, torts for which trespass on the case must have been brought. Letson v. Brown, 11 Colo.App. 11, 52 P. 287. We now go further, and hold that the words were intended to embrace, and do embrace, all actions for personal torts."

In Munal v. Brown, C.C., 70 F. 967, United States District Judge Hallett held that an action for damages for personal injuries does not survive to and against executors and administrators by virtue of § 154, ch. XC, Rev.Stat.Colo. 1868.[7]

█ It is significant that § 247, supra, as first enacted, was embraced in a chapter on wills, executors, and administrators, that when reenacted in 1903, it was embraced in a chapter on wills-estates, and that it was carried forward into the 1935 Colo.Stat.Ann. in the chapter on wills and estates. We are of the opinion that it

---

or administrators appointed by the courts of another state. Here comity does not determine the jurisdiction of the courts of the decedent's domicile. The courts are without jurisdiction, because neither common law nor statutory law provides for the maintenance of any action for personal injury against the executors or administrators of a deceased wrongdoer." Compare Chubbuck v. Holloway, 182 Minn. 225, 234 N.W. 314, 868; Kertson v. Johnson, 185 Minn. 591, 242 N. W. 329, 85 A.L.R. 1.

6 See Munal v. Brown, C.C.Colo., 70 F. 967; Kelley v. Union Pac. Ry. Co., 16 Colo. 455, 27 P. 1058, 1060.

7 See, also, Stanley v. Petherbridge, 96 Colo. 293, 42 P.2d 609; Clapp v. Williams, 90 Colo. 13, 5 P.2d 872.

declares the public policy of Colorado to permit the prosecution of certain causes of action against the executor or administrator of the wrongdoer after his death, but to exclude therefrom causes of action for injuries to the person.

■ Foreign law will not be enforced in the courts of a state under the doctrine of comity where it is contrary to the public policy of such state.[8]

■ A state may deny a remedy in its courts upon a tort arising in another jurisdiction.[9]

In Stanley v. Petherbridge, 96 Colo. 293, 42 P.2d 609, it was expressly held that § 247, supra, does not offend the provision of Art. 2, § 6, of the state Constitution which provides that "Courts of justice shall be open to every person, and a speedy remedy afforded for every injury to person, property or character."

■ We conclude that the plaintiffs could not maintain actions in Colorado against the administratrix for personal injuries and that the motion as to those claims was properly sustained.

■ The plaintiff, H. S. Gray, however, asserted two claims, one for personal injuries in the sum of $3,000, and one for damages to his automobile in the sum of $1,050. The claims were properly joined. Rule 18, Rules of Civil Procedure, 28 U.S.C.A. following section 723c. An action for damages to the automobile could be prosecuted against the administratrix. See Mumford v. Wright, supra.

■ The jurisdictional amount is the sum of all the claims which are properly joined.[10] The test of jurisdiction is the amount claimed in good faith and not the actual amount determined to be in controversy.[11] There can be no doubt that both claims were asserted by H. S. Gray in good faith and that combined they exceed, exclusive of interest and costs, the sum or value of $3,000. Other jurisdictional prerequisites being present, it follows that the court erred in dismissing the complaint as to the claim of H. S. Gray for damages to his automobile.

The judgment is affirmed as to the plaintiffs Margaret Gray and H. S. Gray, as next friend of John Herbert Gray and Peggy Gray. The judgment is reversed as to H. S. Gray and the cause is remanded with instructions to overrule the motion as to the claim of H. S. Gray for damages to his automobile. Three-fourths of the costs will be assessed against the plaintiffs and one-fourth against the administratrix.

---

[8] Mosko v. Matthews, 87 Colo. 55, 284 P. 1021, 1023; Turnbull v. Cole, 70 Colo. 364, 201 P. 887, 888, 25 A.L.R. 1149; Dougherty v. American McKenna Process Co., 255 Ill. 369, 99 N.E. 619, 621, L.R.A.1915F, 955, Ann.Cas.1913D, 568.

In the case last cited the court said: "Each state, subject to restrictions of the federal Constitution, determines the limits of the jurisdiction of its courts, the character of the controversies which shall be heard in them, and how far its courts having jurisdiction of the parties shall hear and decide transitory actions where the cause of action has arisen outside of the state." See, also, St. Louis & Iron Mountain Ry. v. Taylor, 210 U.S. 281, 285, 28 S.Ct. 616, 52 L.Ed. 1061; 11 Am. Jur. p. 495, § 183.

[9] Dougherty v. American McKenna Process Co., supra, 99 N.E. page 621; 11 Am.Jur. p. 495, § 183.

[10] Kimel v. Missouri State Life Ins. Co., 10 Cir., 71 F.2d 921, 924; Baltimore & Ohio Southwestern R. R. v. United States, 220 U.S. 94, 106, 31 S. Ct. 368, 55 L.Ed. 384; Simecek v. United States Nat. Bank of Omaha, 8 Cir., 91 F.2d 214, 217.

[11] Kimel v. Insurance Company, supra, 71 F.2d page 924; Simecek v. Bank, supra, 91 F.2d page 217; St. Paul Indemnity Co. v. Red Cab Company, 303 U.S. 283, 288, 289, 58 S.Ct. 586, 82 L.Ed. 845; Owen M. Bruner Co. v. O. R. Manefee Lumber Co., 9 Cir., 292 F. 985; Brown v. United Gas Public Service Co., 5 Cir., 96 F.2d 264.